

**MR**

**FILED**
5/6/2026

**JKS**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,            ) # 23 CR 368
         Plaintiff                 )
                           )
      V.                               )
                           )
Darren Hughes,                       )
         Defendant                 ) Judge John F. Kness
                           )

<u>HYPOCRISY</u>

"This Court cannot rewrite the statute and contradict Congress." (Kness, J.) (@ 20) - <u>Williams V. Cenlar FSB Mortgage, Inc</u>. 2024 U.S. Dist. LEXIS 139749 (NDIL)

Contrary to this court's own distinctly articulated principles of statutory interpretation, the REALITY is that this Court has relentlessly contradicted Congress and it's own words in this matter. This court rewrites the rules which uphold the proper functioning of grand juries, Fed.R.Crim.P. 6(e)(2)(B)(vi), & 6(e)(3)(E)(ii), along with 18 U.S.C. 3500 to assist the government remedy the exposure of the counterfeit document shown at docket #178 Pg. ID 1310-1317. This short filing will once AGAIN expose the intentional deprivation of fundamental fairness which plagues this matter to it's core.

Readers of this filing should focus on the text of Fed.R.Crim.P. 6(e)(2)(B)(vi): "Unless these rules provide otherwise", & 6(e)(3)(E)(ii): "At the request of a defendant". The government bypasses these rules in their deceptive employment of the document which is confirmed to be "Not a federal circuit level" (#178 Pg. 1310-1317). The government then attempts to take shelter in the DEFENDANT INITIATED 18 U.S.C. 3500 (Jencks Act) to explain the document's exposure, and inapplicability to rule 6(e). In docket #193 Pg. ID 1418, the court adopts this misstatement of 3500 which was never applied in this matter. See <u>Goldberg V. United States</u>, 425 U.S. 94 (1976) highlighting the DEFENDANT INITIATED action of 3500 in headnotes #1, #3, #4, #5, #6, #10, #11, #12, & #13. The court adopts the government's contortion of 3500 to assist the government in remedying the exposure of this counterfeit document which is not controlled by rule 6(e). 3500 does not provide a remedy.

"But the text of the statute does not permit that result." (Kness, J.) (738 @ 35) - <u>Bost V. Ill State Bd. of Elections</u>, 684 F. Supp 3d. 720 (NDIL 2023).

1

"Fed.R.Crim.P. 16(b) and 18 U.S.C. 3500 prohibit a Judge from ordering production of statements of government witnesses,weather or not they are co-defendants, before they have testified." (Headnote #2) - United States V. McMillen, 489 F.2d 229 (7th Cir. 1972).

"The Jencks Act does not apply to a motion for pretrial disclosure of a Grand Jury transcript....Such a motion is covered by Rule 6(e). The discretion of the trial Judge and the requirement of a showing of 'particularized need' still governs motions for pretrial discovery of Grand Jury transcripts. This conclusion is buttressed by the Supreme Court's decision in Douglas Oil Co. V. Petrol Shops N.W., 441 U.S. 211 (1978), which applied the 'particularized need' requirement to a pretrial motion for disclosure of Grand Jury transcripts in a case which arose after the 1970 amendment to the Jencks Act....."we conclude that it was an abuse of discretion for the district court in this case to fail to require that the defendants meet the 'particularized need' test for disclosure of Grand Jury transcripts" (186 @ 22-24) - U.S. V. Short, 671 F.2d 178, 186 (6th Cir. 1982). (See docket #183 Pg. ID 1356-1357 exhibit)

Allowing the government to abuse the Grand Jury process has required this court to abandon it's own principles of statutory interpretation and ignore the PLAIN TEXT of Fed.R.Crim.P. 6(e)(2)(B)(vi), 6(e)(3)(E)(ii), and 18 U.S.C. 3500, as it has done. The Court deliberately treats as ineffectual the words "Unless these rules provide otherwise", "At the request of a defendant", and "Upon motion of the defendant" in order to assist the government in the deceptive employment of a counterfeit document which the rules do not allow. See 18 U.S.C. 1519, 18 U.S.C. 241.

"As we have explained above, nothing in the text of the statute supports that conclusion." (Kness, J.) (738 @ 36) - Bost V. Ill. State Bd. of Elections, 684 F. Supp 3d 720, 738 (NDIL 2023).

Docket #232 "Revelations" was intentionally shuffled out of order even though every page is numbered. (See Dkt. #234 Notice of Correction). This was not a clerical error. This docket was corrected only after the defendant contacted the district clerk asking about it's delayed filing. #232 exposes the TRUTH about the NDIL's trademark malpractice. This filing was submitted simutaneously to the court alongside copies to the government (AUSA KELLY) who likely recieved this document ahead of the Clerk and made arangements to obstruct it's filing. This shall serve as evidence of DOCKET TAMPERING to

the TRUE administrators of justice in Washington D.C. who have been notified and are watching this docket.

This court should strongly consider sticking to it's own well articulated principles of statutory interpretation and refrain from assisting the government abuse the Grand Jury process and employ fraudulent documents. The NDIL "standard practice" is exposed and will only continue to further unravel. The defendant possesses far more evidence of this Costitutional fraud than what has been presented before this court and on this docket. This proof will be presented in due time to the true administrators of justice, who have been notified.

This court should strongly reconsider it's intentions of entering the fraudulently obtained judgement in this matter. This entire proceeding is void ab initio. Dismissal with prejudice to the Plaintiff is the only lawful remedy that remains. This court should review the lawful merit of docket #232, now that the pages are no longer intentionally shuffled out of order. (#234). See also #221.

"It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." - ABA Model Rules of Professional Conduct R. 8.4(c) (2011)

Merriam Webster's Dictionary of Law (2016): "Fraud in the Factum" - Fraud in which the deception causes the other party to misunderstand the nature of the transaction in which he or she is engaging especially with regard to the contents of an instrument.

Merriam Webster's Dictionary of Law (2016): "Fraud on the Court" - Fraud involving conduct that undermines the integrity of the judicial process.

Merriam Webster's Dictionary of Law (2016): "Intrinsic Fraud" - Fraud (as by the use of false or forged documents, false claims, or perjured testimony) that decieves the trier of fact and reselts in a judgement in favor of the party perpetrating the fraud."

Respectfully Submitted,

Darren Hughes: 66392510
MCC CHICAGO
71 W. Van Buren St.
Chicago IL 60605

FROM: Grohman, Chris
TO: 66392510
SUBJECT: RE: ..
DATE: 02/20/2026 10:36:04 AM

Your sentencing memo was pretty good. But FYI, you based a lot of your arguments off the government's draft plea and not the PSR, which came out differently. The PSR does not have you as a career offender.

FROM: 66392510
TO: Grohman, Chris
SUBJECT: RE: RE: ..
DATE: 02/20/2026 11:21:50 AM

I recently filed a final reply to the govenrment called "revelations". What docket # is it? and Pg ID #"s

FROM: Grohman, Chris
TO: 66392510
SUBJECT: RE: ..
DATE: 02/20/2026 02:21:04 PM

*Lie*

Hasnt hit the docket yet.

FROM: 66392510
TO: Grohman, Chris
SUBJECT: RE: RE: ..
DATE: 02/20/2026 03:33:27 PM

Not true. I sent it before the sentencing memo.

I just called the clerk. It's docket #232. But the pages are out of order. Hmm....

Coincedence? NO

Kelly and them probably called the Clerk to delay it's filing....

Then when I called last week to check it they shuffled the papers up....

Guess REVELATIONS is right on the money......That "Standard Practice" and those "EXTRATEXTUAL SOURCES" Pattern Jury

Instruction Committee Comments are dirty law and violate 28 U.S.C. 2071/2072. (Bostock V. Clayton County 590 U.S. 644) Read Headnotes #2 and #3

Still Cheating. I find it every time......

If they gotta resort to this...because it's the TRUTH (#232)..why dont they just DO THE RIGHT THING and throw it out.

How many more lies are you gonna tell? .....Just caught you again. It's (#232)...all shuffled up.......

I keep telling you IM NOT STUPID and you keep trying me. I know how you lying Cheating deceiving people are. The Commonwealth of Massachusetts taught me that.....

By the way...That Jencks Act thing...Got like five 7th Circuit cases on that too...not just the Pittsburg......U lied about that

too... Still loyal to the "standard practice".

You can share this email with Kelly and Kness by the way...im sure u already are....

Let me find out you withholding them transcripts too...Im gonna be checking on them next week......

Pg 4

70 days later..... No reply

## CERTIFICATE OF SERVICE

I, Darren Hughes, the Appellant, cerify that I have caused legal documents ("Hypocrisy") to be served upon the Clerk of Courts to be processed on the Court's docket as soon as possible in the matter of 23 CR 368. This is being sent via first class legal mail via the U.S. Postal from the MCC Chicago this 29th day of April, 2026. Each page is numbered to be filed in order.

Respectfully Submitted,

4-29

Darren Hughes : 66392510
MCC CHICAGO
71 W. Van Buren St.
Chicago IL 60605

5



Darren Hughes : 66392510
MCC CHICAGO
71 W. Van Buren St.
Chicago IL  60605



05/06/2026-11



RECEIVED

MAY 06 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



METROPOLITAN CORRECTIONAL CENTER
71 W VAN BUREN ST, CHICAGO IL 606005
The enclosed letter was processed through special mailing procedures for forwarding to you.
This letter has neither been opened nor inspected.

MAY 0 1 2026

If the sender raises a question or problem over which this facility has jurisdiction,
you may wish to return the material for further information or clarification,
if the sender encloses correspondence for forwarding to another addressee,
please return to the enclosure to the above address.

Clerk of Courts
219 S. Dearborn St. - 20th Floor
Chicago IL     60604

LEGAL MAIL

Clerk

219 S. Dearborn

20th Fl.

Chi,IL  60604

Dear recipient, there should be no tape on this package.